**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0858n.06

**No. 10-3558**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

DOROTHY KIDD, )
)
    Petitioner, )
)
v. ) ON APPEAL FROM THE UNITED
) STATES DEPARTMENT OF LABOR
CONSOLIDATION COAL COMPANY; ) BENEFITS REVIEW BOARD
DIRECTOR, OFFICE OF WORKER'S )
COMPENSATION PROGRAMS, UNITED )
STATES DEPARTMENT OF LABOR, )
)
    Respondents. )

**FILED**

**Dec 19, 2011**

LEONARD GREEN, Clerk

Before: MERRITT, CLAY and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. After her husband passed, Dorothy Kidd filed a claim for survivor's benefits under the Black Lung Benefits Act. Finding insufficient support in the record for the supervising autopsy doctor's opinion that pneumoconiosis was one of the causes of Mr. Kidd's death, an Administrative Law Judge denied benefits. Because the ALJ did not address one of the key statements in the doctor's opinion, we reverse and remand.

I.

The parties agree that Donald Kidd had pneumoconiosis when he died in 2003 at the age of 64. They agree that he also suffered from liver and kidney disease. And they agree that he worked in the coal mines of Consolidation Coal Company for at least seventeen years.

The question is whether Mr. Kidd's death was caused by pneumoconiosis, either in full or in part. Mrs. Kidd says it was, relying on the medical opinion of the doctor who supervised Mr. Kidd's autopsy, Dr. Booth. Consolidation Coal says it was not, contending that Mr. Kidd's liver and kidney failure caused his demise and pointing to the medical opinions of Drs. Tomashefski and Fino, who found he would have died in the same way and at the same time even if he did not have pneumoconiosis.

An Administrative Law Judge initially agreed with Mrs. Kidd. He found that pneumoconiosis contributed to Mr. Kidd's death and awarded survivor's benefits under the Act. The Benefits Review Board reversed, reasoning that the ALJ inadequately explained his reliance on Dr. Booth's testimony over that of the other doctors. On remand, the ALJ found that Dr. Booth's opinion was too conclusory to support an award. The Benefits Review Board affirmed.

II.

Mrs. Kidd seeks survivor's benefits on the ground that pneumoconiosis was a "substantially contributing cause" of her husband's death. 20 C.F.R. § 718.205(c)(2). A "substantially contributing cause" is one that "hastens the miner's death." *Id.* § 718.205(c)(5). To meet this requirement, the claimant must present medical evidence describing "a specifically defined process" by which the pneumoconiosis "reduce[d] the miner's life by an estimable time." *Eastover Mining Co. v. Williams*, 338 F.3d 501, 518 (6th Cir. 2003). That evidence must be something more than "a

conclusory, unsupported [medical] opinion" about causation. *Conley v. Nat'l Mines Corp.*, 595 F.3d 297, 303 (6th Cir. 2010).

Ordinarily, we will affirm the ALJ's decision whether to grant benefits if it is supported by substantial evidence. *Id.* at 301. But "[w]here . . . an ALJ has improperly characterized the evidence or failed to account [for] relevant record material, deference is inappropriate and remand is required." *Eastover Mining*, 338 F.3d at 508.

Just such an improper characterization and omission occurred here. Dr. Booth stated clearly that he thought pneumoconiosis contributed to Mr. Kidd's death. The ALJ found that Dr. Booth failed to offer sufficient objective support for this opinion, rendering it "conclusory," and therefore gave Dr. Booth's views little, if any, weight in his analysis. JA at 214. But the ALJ's analysis of this issue consisted of just two sentences and, crucially, made no mention of Dr. Booth's statement that pneumoconiosis "accentuates the chronic obstructive pulmonary disease and accelerates the desiccation of the lungs." JA 43. This statement suggested the avenue by which the disease could have hastened Mr. Kidd's death—the very thing that the ALJ found lacking in Dr. Booth's testimony. As such, the ALJ's failure "to account [for this] relevant record material" means that "deference is inappropriate and remand is required." *Eastover Mining*, 338 F.3d at 508. Mrs. Kidd asks for no more than a remand, and that is what she is entitled to.

That said, Mr. Kidd died in 2003, and while the closeness of the case provides some explanation for the length of time it has taken to resolve this dispute, the time has come to reach a

final benefits decision. In the light cast by today's decision, it is now clear that Dr. Booth's opinion should be credited. When read in context, his testimony does not equivocate in its finding that pneumoconiosis was a cause of the decedent's death. To the extent Dr. Booth qualified his testimony, the qualification accounted for the difficulty of apportioning the exact causes of death on a percentage basis among Kidd's pneumoconiosis, liver disease and kidney disease, a level of precision not required by the benefits inquiry. Whether through a concession by the company that benefits now must be awarded or through an expedited hearing on remand, the time has come for a prompt final benefits decision.

III.

For these reasons, we remand to the ALJ for further consideration.