NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0858n.06

No. 11-3918

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Aug 08, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| SANDY FORK MINING COMPANY, INC. and TRAVELERS INSURANCE COMPANY, | ) ) ) ) | |
| Petitioners, | ) ) | ON APPEAL FROM THE UNITED STATES DEPARTMENT OF LABOR |
| v. | ) ) | BENEFITS REVIEW BOARD |
| DELPHIA BEVERLY, Widow of Arthur Beverly; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES; UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) ) ) ) | |
| Respondents. | ) | |

Before: CLAY and SUTTON, Circuit Judges; RICE, District Judge.*

SUTTON, Circuit Judge. A coal company and an insurance company appeal an award of black-lung benefits to Delphia Beverly, the widow of Arthur Beverly. *See* 30 U.S.C. § 922. The companies claim the record does not show that pneumoconiosis "substantially contribut[ed]" to Mr. Beverly's death, as required to qualify for benefits. 20 C.F.R. § 718.205(c). We disagree and affirm the award.

A "substantially contributing cause" of death is one that "hastens the miner's death." *Id*.

---

*The Honorable Walter H. Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

§ 718.205(c)(5). A claimant satisfies this standard by providing medical evidence describing "a specifically defined process" by which pneumoconiosis "reduce[d] the miner's life by an estimable time." *Eastover Mining Co. v. Williams*, 338 F.3d 501, 518 (6th Cir. 2003).

Relying on the opinion of Beverly's treating physician, Dr. Charles Moore, the ALJ concluded that pneumoconiosis substantially contributed to Beverly's death. Dr. Moore diagnosed Beverly with coal workers' pneumoconiosis in 1993 and saw him more than forty times over the next ten years for treatment. On May 15, 2004, Beverly collapsed in his home, after which doctors could not revive him. His death certificate listed three causes of death: (1) cardiopulmonary arrest; (2) ventricular fibrillation; and (3) chronic obstructive pulmonary disease, which Dr. Moore identified as a catch-all category encompassing a variety of lung disorders. Based on his knowledge of Beverly's condition, Dr. Moore testified that the miner died from respiratory failure caused by coal workers' pneumoconiosis and tobacco-related emphysema. Dr. Moore estimated that pneumoconiosis contributed seventy or eighty percent to Beverly's respiratory failure.

This opinion supports the ALJ's conclusion. Dr. Moore concluded that pneumoconiosis caused Beverly's respiratory failure. That view describes a process that not only hastened Beverly's death but also caused it. Also supporting this position is the death certificate, which says that Beverly died at least in part from chronic obstructive pulmonary disease.

Analogies to *Eastover*, 338 F.3d at 518, and *Conley v. National Mines Corp.*, 595 F.3d 297 (6th Cir. 2010), miss the mark. In both cases, the testifying physicians supplied only a general

connection between pneumoconiosis and the miner's cause of death. In *Eastover*, the miner died of a pulmonary embolism, and his treating physician concluded that pneumoconiosis hastened the miner's death because "lack of oxygen and his retained carbon dioxide all played an effect on all parts of his body." 338 F.3d at 517. In *Conley*, the miner died of metastatic lung cancer, but his treating physician linked his death to pneumoconiosis because "the healthier we are, the better we're able to deal with serious problems." 595 F.3d at 303. The statements in both cases were "legally inadequate" to support the conclusion that pneumoconiosis hastened the miner's death because "[o]ne can always claim . . . that if pneumoconiosis makes someone weaker, it makes them less resistant to other trauma," and that is "presumably not what Congress meant by 'hasten.'" *Eastover*, 338 F.3d at 517–18; *see Conley*, 595 F.3d at 304.

No such problem arose here. Dr. Moore did not testify generally that pneumoconiosis weakened Mr. Beverly's health; he testified that pneumoconiosis was the primary cause of the respiratory failure that killed him. That evidence suffices to allow a reasonable person to conclude that pneumoconiosis hastened Mr. Beverly's death. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Director v. Consolidation Coal*, 884 F.2d 926, 929 (6th Cir. 1989); *Kidd v. Consolidation Coal*, 454 F. App'x 389, 390 (6th Cir. 2011).

We affirm the award of benefits.